UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT CHATTEN,

               Plaintiff,

                                                                 COMPLAINT AND
- against -                                                 JURY TRIAL DEMAND

P.O. CARMELO STRACUZZI, P.O. "JOHN DOE" 1,
P.O. "JOHN DOE" 2, and THE CITY OF NEW YORK,

               Defendants.
------------------------------------------------------------------X

       Plaintiff, ROBERT CHATTEN, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

7. At all times relevant hereto, plaintiff, ROBERT CHATTEN, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. CARMELO STRACUZZI, (hereinafter "STRACUZZI") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. "JOHN DOE" 1 was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. "JOHN DOE" 2 was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. On or about February 13, 2015, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

14. This action is commenced within one year and ninety days from the date the supplemental claim herein accrued.

15. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## (42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about November 18, 2014, between approximately 5:00 P.M. and 5:30 P.M., plaintiff was lawfully driving a motor vehicle registered to his mother in a southbound direction on Farmers Boulevard in the County of Queens, City and State of New York.

18. It was plaintiff's intention to drive to a Home Depot store located on Linden Boulevard.

19. As he was travelling between 116th Avenue and Turin Drive, plaintiff saw the flashing lights of a police car in his rear view mirror.

20. Plaintiff pulled over to let the police department vehicle pass him, but observed that the police department vehicle pulled directly behind him.

21. Consequently, plaintiff brought his vehicle to a stop, put it in park, and turned on its interior lights.

22. Plaintiff rolled the windows in his vehicle partially down and took out his license, registration, and insurance card.

23. The police department motor vehicle that had stopped plaintiff was an unmarked vehicle occupied by the three individual defendants hereto.

24. Plaintiff observed one of the defendants hereto approach him, with weapon drawn, on his passenger side.

25. The aforementioned defendant pointed to plaintiff's driver's side window.

26. Plaintiff looked out of his driver's side window and saw one of the other defendants hereto standing next to his vehicle on that side.

27. Plaintiff handed that defendant his aforementioned license, registration and insurance card.

28. The defendant on plaintiff's driver's side reached through the partially open window, took hold of the door handle, and opened the driver's side door.

29. This defendant now placed his hand on one of plaintiff's shoulders, cursed at him and forcibly pulled him out of his vehicle.

30. This defendant ordered plaintiff to go to the rear of his vehicle, where the third defendant was standing.

31. Plaintiff did as he was told.

32. The defendant in the back of plaintiff's vehicle ordered plaintiff to stand facing away from his vehicle.

33. Plaintiff asked this defendant why he had been stopped.

34. This defendant falsely informed plaintiff that he had been stopped because he had been involved in a hit and run accident.

35. Plaintiff turned to look inside his vehicle, which had its interior lights on, and saw the first two individual defendants illegally searching inside it.

36. The defendant who had been on the driver's side of plaintiff's vehicle instructed the defendant who had been holding plaintiff in the rear of the vehicle to handcuff plaintiff.

37. This third defendant did as he had been instructed and handcuffed plaintiff.

38. Once plaintiff was handcuffed, the defendant who had been standing at the passenger side of plaintiff's vehicle approached plaintiff while holding a plastic bag containing Percocet pills that had been prescribed to plaintiff. Plaintiff had had this bag inside one of his vehicle's two glove compartments.

39. This defendant asked plaintiff whose pills they were.

40. Plaintiff replied that they were his.

41. One of the defendants asked plaintiff why he had the pills.

42. Plaintiff replied that they were his pills and that, if the defendants looked in the vehicle's other glove compartment, they would see plaintiff's handicapped driver placard therein.

43. Plaintiff was placed in the rear seat of the individual defendants' police department motor vehicle.

44. Two of the individual defendants sat in the front of their vehicle, while the third drove plaintiff's vehicle.

45. While plaintiff was being driven in the defendants' vehicle, one of the defendants kept demanding to know where "the guns" were at.

46. When plaintiff inquired as to why he was being asked about guns, he was informed by this defendant that it was because of the neighborhood that plaintiff lived in.

47. This defendant, as well as the two other individual defendants, is white. Plaintiff is black.

48. Plaintiff was driven to the stationhouse of the 113th Precinct, where he was held until he was transported to Queens Central Booking.

49. After approximately thirty hours in custody, plaintiff was brought before a judge of the Criminal Court of the City of New York and was falsely and maliciously

charged, on the complaint of defendant STRACUZZI, of criminal possession of a controlled substance in the third degree, a B Felony, and with having pulled away from the curb without signaling, a violation of the Vehicle and Traffic Law.

50. In the aforementioned criminal complaint, defendant STRACUZZI falsely swore that he had, "observed a quantity of Oxycodone pills [10] in the center console of [plaintiff's] vehicle."

51. Defendant STRACUZZI also swore that the forty-eight Oxycodone pills that he had taken from the glove compartment of plaintiff's vehicle were in addition to the pills that he falsely claimed to have seen in the center console of plaintiff's vehicle.

52. Defendant STRACUZZI also swore that he had recovered $142.00 in United States currency from one of plaintiff's pants pockets.

53. The allegation regarding the United States currency was true and plaintiff was never given back the money that had been taken from him.

54. Plaintiff was released on his own recognizance.

55. Plaintiff appeared in court on the charges against him on two more occasions.

56. At his third appearance in court on the aforementioned charges, plaintiff received an adjournment in contemplation of dismissal.

57. All charges against plaintiff have been dismissed and sealed.

58. Defendants STRACUZZI, P.O. "JOHN DOE" 1 and P.O. "JOHN DOE" 2 violated plaintiff's right to be arrested and charged only with probable cause and his right to be secure against illegal searches and excessive force, all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under the color of state law, they, without any cause or provocation whatsoever,

forcibly removed him from his motor vehicle, conducted an illegal search of his motor vehicle, and arrested and incarcerated him without having any cause therefor.

59. Because of the aforementioned acts committed by defendants STRACUZZI, P.O. "JOHN DOE" 1 and P.O. "JOHN DOE" 2, plaintiff suffered a deprivation of his liberty; severe emotional distress and mental anguish, for which he was caused to incur expenses for treatment; and was compelled to pay for the services of a criminal attorney to defend him against the charges.

60. By reason of the unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in an amount sufficient to compensate him for his injuries enumerated hereinabove and, in addition, seeks an award of punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT STRACUZZI AND THE CITY OF NEW YORK
(False Arrest)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" hereinabove as if more fully set forth at length herein.

62. On or about November 18, 2014, at approximately 5:30 P.M., on Farmers Boulevard, between 116th Avenue and Turin Drive, in the County of Queens, City and State of New York, defendant STRACUZZI, without having probable cause therefor, falsely and unlawfully arrested plaintiff.

63. As a result of his arrest, plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 113th Precinct and

at Queens Central Booking until his arraignment in Criminal Court of the City of New York, County of Queens, on November 19, 2014.

64. At the time he committed the aforementioned acts of false arrest and false imprisonment against plaintiff, defendant STRACUZZI was acting within the scope of his employment by defendant CITY OF NEW YORK.

65. By reason of the false arrest and false imprisonment committed against plaintiff by defendant STRACUZZI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of his liberty; a deprivation of his right to be arrested and imprisoned only with probable cause; suffered extreme mental distress and anguish, which caused him to incur expenses for psychological treatment; and was compelled to pay for the services of a criminal defense attorney.

66. By reason of the false arrest and false imprisonment committed against him by defendant STRACUZZI, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant STRACUZZI.

WHEREFORE, plaintiff, ROBERT CHATTEN, demands judgment against defendants, P.O. CARMELO STRACUZZI, P.O. "JOHN DOE" 1, P.O. "JOHN DOE" 2 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries enumerated hereinabove and, in addition, seeks an award of punitive damages against the individual defendants.

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant STRACUZZI.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
    February 1, 2016

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2322